UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| ADT LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ERR CONTENT IP, LLC,<br><br>    Defendant. | Civil Action No. 9:26-cv-80626<br><br><br>(Removed from the Circuit Court of the Fifteenth Judicial Circuit, Palm Beach County, Florida,<br>Case No. 50-2026-CA-003842-XXXA-MB) |

**NOTICE OF REMOVAL**

Defendant Err Content IP, LLC ("Err Content"), by and through undersigned counsel, hereby files this Notice of Removal under 28 U.S.C. §§ 1454(a) and 1446, and removes the above-captioned action from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, to the United States District Court for the Southern District of Florida, West Palm Beach Division. In support, Err Content states as follows:

## I.    PROCEDURAL BACKGROUND

1. On April 6, 2026, Plaintiff ADT LLC ("ADT") filed a Complaint against Err Content in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, captioned *ADT LLC v. Err Content IP, LLC*, Case No. 50-2026-CA-003842-XXXA-MB (the "State Action"). The Complaint alleges that Err Content made a "bad faith" assertion of patent infringement in violation of Florida's Patent Troll Prevention Act, Fla. Stat. § 501.993.

2. On May 4, 2026, ADT filed an Amended Complaint (the "Amended Complaint"), which is the operative pleading in the State Action.

1

3. The State Action arises out of Err Content's prosecution of *Err Content IP, LLC v. ADT LLC*, No. 1:25-cv-01674-ADA, currently pending in the United States District Court for the Western District of Texas, Austin Division, before the Honorable Alan D. Albright (the "W.D. Tex. Action"). The W.D. Tex. Action asserts infringement of U.S. Patent No. 10,721,542 (the "'542 patent").

4. On June 11, 2025, the United States Patent and Trademark Office issued a Final Office Action in reexamination of the '542 patent, rejecting claims 1, 2, 5, 7–9, and 11–14. Claims 3 and 4 were not subject to reexamination and were not rejected. Err Content has appealed the Final Office Action to the Patent Trial and Appeal Board. No Reexamination Certificate has issued. Under 35 U.S.C. § 307(a), the rejected claims remain in force until issuance of a Reexamination Certificate, and under 35 U.S.C. § 282, all claims of the '542 patent remain presumed valid.

5. On April 23, 2026, Err Content voluntarily dismissed claims 1 and 9 from the W.D. Tex. Action. Claims 3 and 4 (containing the "look-up table" limitation) and other claims remain asserted. ADT has expressly conceded in the W.D. Tex. proceeding that it does not allege bad faith with respect to the assertion of claims 3 or 4. *See* W.D. Tex. Dkt. 24 at 3 n.3.

6. Err Content was served with the Amended Complaint on or about May 4, 2026, the date on which the Amended Complaint was filed in the state court action. This Notice of Removal is filed within thirty (30) days of service of the Amended Complaint, within the time prescribed by 28 U.S.C. § 1446(b).

///

II.     **GROUNDS FOR REMOVAL**

This Court has original subject-matter jurisdiction over the State Action under 28 U.S.C. §§ 1338(a) and 1331, and the State Action is removable under 28 U.S.C. § 1454. Removal is proper on three independently sufficient grounds.

A.  **28 U.S.C. § 1454: Removal of Patent-Related Civil Actions**

7.      Section 1454(a), added by the Leahy-Smith America Invents Act, provides that "[a] civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents … may be removed to the district court of the United States for the district and division embracing the place where the action is pending." 28 U.S.C. § 1454(a). Removal under § 1454 is not defeated by the well-pleaded complaint rule and is available to any party.

8.      ADT's § 501.993 claim arises under, and substantially depends on, federal patent law. The statute provides that no person "may send a demand letter to a target which makes a bad faith assertion of patent infringement" and defines "bad faith" in part by reference to whether the assertion is "objectively baseless." Fla. Stat. § 501.993(2)(b). Under controlling Federal Circuit precedent, federal patent law preempts state-law tort liability for a patentholder's communications asserting infringement unless the claimant proves both objective baselessness and subjective bad faith. *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 362 F.3d 1367, 1374–77 (Fed. Cir. 2004); *Zenith Electronics Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1353–55 (Fed. Cir. 1999); *see also 800 Adept, Inc. v. Murex Securities, Ltd.*, 539 F.3d 1354, 1369–70 (Fed. Cir. 2008).

9.      Adjudication of ADT's § 501.993 claim therefore necessarily requires application of Federal Circuit law and resolution of patent-law questions including: (i) whether Err

3

Content's infringement positions on the '542 patent are or were "objectively baseless" under *Globetrotter*; (ii) the scope and validity of the claims asserted in the W.D. Tex. Action; (iii) the legal effect of the pending USPTO reexamination and the June 11, 2025 Final Office Action under 35 U.S.C. §§ 134, 141, and 307(a); and (iv) the applicability of the *Noerr-Pennington* doctrine and the First Amendment to ADT's claim.

### B. 28 U.S.C. § 1338(a) and Gunn v. Minton

10.   Independently, this Court has original jurisdiction under 28 U.S.C. § 1338(a) because the State Action raises substantial federal patent issues. Under *Gunn v. Minton*, 568 U.S. 251, 257–58 (2013), federal jurisdiction exists over a state-law claim when a federal issue is (i) necessarily raised, (ii) actually disputed, (iii) substantial, and (iv) capable of resolution in federal court without disrupting the federal-state balance.

11.   Each *Gunn* factor is satisfied here. The "objective baselessness" element of ADT's § 501.993 claim (*necessarily raised*) is governed by Federal Circuit preemption doctrine (*actually disputed and substantial*), and federal courts routinely adjudicate the application of *Globetrotter* and its progeny to state-law claims arising from patent enforcement conduct (*capable of resolution without disrupting the federal-state balance*).

### C. 28 U.S.C. § 1331: Federal Question Jurisdiction

12.   In the alternative, this Court has original jurisdiction under 28 U.S.C. § 1331 because the State Action presents substantial questions of federal patent law on which ADT's right to relief depends.

///

4

### III.     DISTINGUISHING *VERMONT v. MPHJ*

**13.**     This case is distinguishable from *Vermont v. MPHJ Technology Investments, LLC*, No. 14-1481 (Fed. Cir. 2014). In *Vermont*, the State of Vermont expressly disclaimed reliance on the validity, infringement, or enforceability of any patent in its consumer-protection complaint, and the Federal Circuit affirmed remand on that basis. Here, by contrast, ADT's Amended Complaint does not and cannot disclaim reliance on patent law: the "objective baselessness" element of § 501.993 is a Federal Circuit doctrine that necessarily requires adjudication of claim scope, validity, and infringement. ADT cannot plead its claim without invoking federal patent issues, and any attempt to do so on remand would be insufficient to defeat the statutory removal right under § 1454(a).

### IV.     NO DEFERENCE TO W.D. TEX.

**14.**     The W.D. Tex. Action is properly proceeding in that forum as the federal infringement case arising from Err Content's assertion of the '542 patent. The State Action, however, addresses a doctrinally distinct question: whether Err Content's assertion was made in "bad faith" under Florida statutory law as informed by Federal Circuit preemption doctrine. This Court is the proper federal forum to address that question. The two federal proceedings are not duplicative; nor should this Court defer or abstain in favor of W.D. Tex. The W.D. Tex. court has not adjudicated, and is not adjudicating, the preemption question presented here.

### V.     VENUE

**15.**     Venue is proper in this Court because the Southern District of Florida, West Palm Beach Division, is the federal district and division "embracing the place where the action is

pending," 28 U.S.C. § 1454(a), 1446(a). The State Action is pending in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

## VI.   UNANIMITY

16.   Err Content is the sole defendant in the State Action. No issue of unanimity arises. In any event, 28 U.S.C. § 1454(b)(2) expressly provides that removal under § 1454 may be made by "any party" without the consent of any other party.

## VII.   TIMELINESS

17.   This Notice of Removal is timely. Err Content was served with the Amended Complaint on or about May 4, 2026. This Notice is filed within thirty (30) days of receipt of the operative pleading, satisfying 28 U.S.C. § 1446(b)(3). Section 1454(b)(2) further provides that, upon application, the court may extend the time period for filing a notice of removal under § 1454 for cause shown.

## VIII.   REQUIRED ATTACHMENTS

18.   Pursuant to 28 U.S.C. § 1446(a), Err Content submits the following with this Notice of Removal:

- **Exhibit A:** Complaint filed April 6, 2026 in the State Action
- **Exhibit B:** Amended Complaint filed May 4, 2026 in the State Action
- **Exhibit C:** All process, pleadings, and orders served on or filed by Err Content in the State Action – consisting of an Agreed Order Extending the Time to Respond filed by ADP on behalf of both parties.
- **Exhibit D:** State court docket sheet
- **Exhibit E:** Civil Cover Sheet (Form JS 44)

///

**IX.     NOTICE TO STATE COURT AND ADVERSE PARTIES**

19.     Pursuant to 28 U.S.C. § 1446(d), Err Content will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, and will give written notice of the removal to all adverse parties.

**X.      RESERVATION OF RIGHTS**

20.     By filing this Notice of Removal, Err Content does not waive and expressly reserves all defenses, including without limitation: defenses under Federal Rule of Civil Procedure 12; federal preemption under *Globetrotter* and its progeny; lack of personal jurisdiction; improper venue; insufficient service of process; and any other defense available under federal or state law. *See* Fed. R. Civ. P. 81(c)(2).

**XII.    CONCLUSION**

For the foregoing reasons, Err Content respectfully removes the State Court Action to this Court.

Dated: May 28, 2026                   Respectfully submitted,

By: */s/ Victoria E. Brieant*
Victoria E. Brieant (FBN 632961)
Law Office of Victoria E. Brieant, P.A.
400 Ponce de Leon Blvd., Suite 470
Coral Gables, Florida 33146
Tel. (305) 421-7200

Counsel for Defendant Err Content IP, LLC

CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of May, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will then send a Notification of Filing (NEF) to all counsel of record, and copies will be served by email on the following counsel who have not appeared:

William P. Ramey, III, Esq.
446 Heights Blvd., Suite 200
Houston, Texas 77007
wraney@rameyfirm.com

Matthew Allen Barish, Esq. (FBN 1044026)
Cole Schotz P.C.
2255 Glades Rd Ste 300E
Boca Raton, FL 33431-7383
Email: mbarish@coleschotz.com

By: /s/ Victoria Brieant
Victoria Brieant